6627

## BOOZER v. LOAN & EXCHANGE BANK.

LEASE.—CONTRACTS should be so construed as to give effect to all of their parts. This contract held not to restrict the lessee to the use of the leased building for conducting *only* a banking business.

Before PURDY, J., Greenwood, May 6, 1907. Affirmed.

Action by Eliza J. Boozer against Loan and Exchange Bank. From judgment for defendant, plaintiff appeals.

*Messrs. Nicholson Bros,* for appellant, cite: *Rule of construction of contracts:* 2 Parsons on Contracts, 612, 619, 632; Bish. on Con., 148, 150, 151, 158. *Sub-lessees can take no greater rights than lessees:* 12 Ency., 1037; 18 Ency., 637. *Where the use or purpose is stipulated, it is restricted to that:* 24 Cyc., 1062; 6 Cur. Law, 355; 12 Ency., 1026; 18 Ency., 635; 70 S. C., 572.

*Messrs. Grier & Park,* contra, cite: *Facts stated do not warrant an injunction:* 69 S. C., 159. *The use is not restricted:* 21 L. R. A., 391; 7 Am. Dec. in Eq., 248; 18 Ency., 364; Geor. L. & T., 97; 39 Am. R., 88; 68 Am. Dec., 380; 107 U. S., 383; 3 A. & E. Ann. Cas., 36.

August 20, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order refusing to grant a temporary injunction, to restrain the defendant from sub-letting the premises described in the complaint, for other than banking purposes, on the ground that under the terms of the lease the building could only be used for such purposes.

The following is a copy of the lease:

(1) "State of South Carolina, County of Greenwood. This memorandum of agreement is to witness: That Mrs.

Eliza J Boozer, party of the first part, has granted, leased
and rented, and by these presents does grant, lease and rent
unto the Loan and Exchange Bank, party of the second part,
all and singular that certain brick store room, situated in
the State and county above written, in the town of Green-
wood, fronting on the public square therein, and the prem-
ises on which the same is situate, and bounded on the north
by the store of W. R. Bailey, and said lot extending back
for a ditsance of two hundred and seventeen (217) feet;
on the rear by lands of Mrs. T. F. Riley; and on the south
by another store of Mrs. Eliza J. Boozer; the said lot being
the lot on which is situate the said certain brick store for-
merly occupied by T. St. J. Goodwyn.

(2) "To have and to hold the said above mentioned and
rented store room and premises, to the said Loan and
Exchange Bank, its successors and assigns, for and during
the full term of my natural life, at the sum of four hundred
dollars per annum, payable monthly at the end of each and
every month, during the lifetime of this agreement; that is
to say, the sum of $33 1-3 per month, each and every month,
during the term of this lease; rent to begin September 1st,
1903.

(3) "And the said Loan and Exchange Bank agrees to
pay to the said Mrs. Eliza J. Boozer or order the rent stipu-
lated herein above, in the manner and at the times and in the
sums above mentioned and stipulated.

(4) "If the said building is destroyed by fire or other
casualties, and if said building is rebuilt by party of the first
part with due expedition, and if the building so erected is
of like size and kind as the building on said lot at the time
of said fire or other casualties, this lease shall not terminate,
but shall remain in full force, provided that during the time
the building is unoccupied, the party of the second part, or
its assigns, shall not be liable for rents.

(5) "The party of the first part herein gives and grants
to the party of the second part, or its assigns, full permis-
sion and leave, to make any alterations in and upon said

building, as it or its assigns may decide to make, provided that he pay the cost thereof without charge to the party of the first part.

(6) "The party of the first part further agrees to keep and maintain the said building at all times, in good repair, and put in front of said building, at her expense, a cement sidewalk.

"It is understood and agreed, that the party of the second part desires this building for the purpose of conducting therein a general banking business, and the alterations to be made are such as will fit the building for this purpose, as may be determined upon in the judgment and discretion of the said party of the second part. All fixtures and furniture placed in said building to be the property of the party of the second part, with the right to remove the same when the building is vacated, or upon the expiration of this lease."

The question whether the plaintiff made a *prima facie* showing depends upon the construction of said lease—the plaintiff contending that the use of the building is limited to banking purposes.

Our interpretation of the lease is, that section 7 was not intended to create a new right, nor to limit the previous provisions, but was merely explanatory of the power to make alterations, even to the extent of changes so great as to render the building suitable for banking purposes. The building prior to the lease had been used as a grocery store, and a question might have arisen as to the authority of the defendant to make alterations so drastic as to convert it temporarily into a building for banking purposes. It was to forestall any such question that section 7 was inserted. By this construction alone, can force and effect be given to all the provisions of the lease.

If the words, "it is understoood and agreed that the party of the second part desires this building for the purpose of conducting therein a general banking business," should be construed as showing that the building could only be used for conducting a banking business therein, then they would

limit the effect of section 2. And if the words, "the alterations to be made are such that will fit the building for this purpose," should be construed as intending that only such alterations can be made, then they would trench upon the provisions of section 5.

If the words, "for the purpose of conducting a banking business," had been inserted in section 2, the principle announced in *Fire Co.* v. *Richland Lodge,* 70 S. C., 572, 50 S. E., 490, would be applicable; and if the intention had been to limit the use to this extent, they would naturally have been inserted in that part of the lease, instead of the portion relating to alterations.

The law favors a construction that will give effect to all the provisions of a contract.

It is the judgment of this Court, that the appeal be dismissed.